IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| G.L., *et al.*, | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| vs. | : | NO.   2:23-cv-00028-CFK |
| | : | |
| SEAWORLD PARKS & | : | |
| ENTERTAINMENT, LLC | : | |
| Defendant. | : | |

## MEMORANDUM

**SITARSKI, M.J.**                                                                                                   November 13, 2023

Presently pending before the Court is Plaintiffs' Petition for Leave to Settle or Compromise Minor's Action (ECF No. 70).[1]  For the reasons that follow, the petition is **GRANTED**.

### I.     FACTUAL AND PROCEDURAL BACKGROUND[2]

On July 28, 2022, G.L., age nine at the time, was at Sesame Place Philadelphia, owned by Defendant, when an unsecured umbrella fell toward her.  (*Id.* at ¶¶ 2, 8).  An uncovered screw on the umbrella caught her upper left thigh, causing an approximately eight-centimeter laceration requiring medical treatment.  (*Id.* at ¶¶ 8-9; *see also* Med. Recs., ECF No. 70-1).  G.L. has substantially recovered from her injuries.  (Aff. of Serena Licastro, ECF No. 70-2, at ¶ 2).

On November 10, 2020, G.L., by and through her mother, Serena Licastro, and Ms.

---

[1] The Honorable Chad F. Kenney referred the matter to me for disposition pursuant to 28 U.S.C. § 636(b)(1)(A).  (Order, ECF No. 71).

[2] The background facts are taken from Plaintiff's petition.  (Pet. to Settle, ECF No. 70). The Court recites only those facts pertinent to the resolution of the instant motion.

Licastro, individually, sued Defendant on a negligence theory. (Compl., ECF No. 1). On January 5, 2023, the matter was referred to me for settlement proceedings. (Order, ECF No. 15). Following a settlement conference on October 18, 2023, the parties agreed to a resolution of the matter. Pursuant to this agreement, Defendant will pay $85,000.00 to settle the claims against it, and Plaintiffs' counsel seeks fees and costs in the amounts of $26,757.00 and $4727.45, respectively, leaving a net recovery of $53,515.55. (Pet. to Sett., ECF No. 70, at ¶¶ 12-14, 16). G.L. has filed a petition to have this settlement approved. (*See generally id.*).

## II.     LEGAL STANDARD

Settlements involving minors must be approved by the court. E.D. Pa. Loc. R. Civ. P. 41.2(a). "Before approving the settlement of a minor's claim, the court must determine the fairness of any settlement agreement and the reasonableness of any attorneys' fees to be paid from the settlement amount." *J.N. v. Penn-Delco Sch. Dist.*, No. 14-1618, 2017 WL 395481, at *3 (E.D. Pa. Jan. 30, 2017) (citations and quotations omitted). State law governs settlement of a minor's claims when, as here, jurisdiction is based on diversity of citizenship. *Stecyk v. Bell Helicopter Textron, Inc.*, 53 F. Supp. 2d 794, 801 (E.D. Pa. 1999); *see also Eagan by Keith v. Jackson*, 855 F. Supp. 765, 776 & n.14 (E.D. Pa. 1994) (same). Under the Pennsylvania Rules of Civil Procedure, "[n]o action to which a minor is a party shall be compromised, settled[,] or discontinued except after approval by the court pursuant to a petition presented by the guardian of the minor." Pa. R. Civ. P. 2039(a). When approving a settlement involving a minor, the court must also "make an order approving or disapproving any agreement entered into by the guardian for the payment of counsel fees and other expenses out of the fund created by the compromise[.]" Pa. R. Civ. P. 2039(b).

## III. DISCUSSION

### A. Fairness of Settlement Amount

"The petition must provide the court with sufficient information on which to base its determination." *Collier v. Officer*, No. 98-3261, 1998 WL 666036, at *1 (E.D. Pa. Sept. 24, 1998). To assure that the court can protect the best interests of the minor, the petition should include all relevant facts and an explanation why the minor's parent or guardian believes the resolution is in the minor's best interest. *Id.* (citation omitted). "Relevant facts" include evidence of the need for future care and expenses, a description of the minor's current condition and evidence of the extent and duration of the injuries. *Roghanchi v. Rorick*, No. 91-6680, 1991 WL 275626 at *3 (E.D. Pa. Dec.23, 1991). Because the parties and counsel are normally in the best position to value the case, their judgments are entitled to "considerable," although not controlling, weight. *Roghanchi*, 1991 WL 275626 at *2; *Chambers v. Hiller*, No. 88-3128, 1988 WL 130679 at *2 (E.D. Pa. Dec. 2, 1988) (internal citation omitted).

Here, the settlement is in G.L.'s best interests. Although she will be left with a permanent scar, her injuries did not threaten life or limb, and she has substantially recovered. (Med. Recs., ECF No. 70-1, at 34; Aff. of Serena Licastro, ECF No. 70-2, at ¶ 2). If she and her family choose to pursue scar revision at a later date, that procedure is estimated to cost no more than $20,000, not including hospital and anesthetic fees, meaning that the proposed settlement amount is more than sufficient to cover this potential future medical expense. (Med. Recs., ECF No. 70-1, at 33). Both G.L.'s attorney and mother approve of the settlement, and her attorney represents that it is a "good settlement" for G. L. (Aff. Devon Radlin, Esquire, ECF No. 70, at 4; Aff. of Serena Licastro, ECF No. 70-2, at ¶ 3).

Accordingly, the Court concludes that the settlement with Defendant is fair, reasonable, and in G.L.'s best interests.

**B.      Reasonableness of Attorneys' Fees**

Similarly, counsel's fees and costs are reasonable. Under applicable Third Circuit case law, courts do not normally disturb contingent fee agreements entered volitionally by knowledgeable and competent parties. *McKenzie Constr., Inc. v. Maryland*, 758 F.2d 97, 101 (3d Cir. 1985). Here, the Retainer Agreement entered into between counsel and Ms. Licastro, on behalf of herself and G.L., entitles counsel to receive one-third of any recovery, plus advanced expenses. (Retainer Agreement, ECF No. 70-3, at ¶ 2). Such agreements are "standard in individual litigation" in this district. *Mylan Pharms., Inc. v. Warner Chilcott Pub. Ltd. Co.*, No. CV 12-3824, 2014 WL 12778314, at *7 (E.D. Pa. Sept. 15, 2014). I therefore conclude that the requested fees and costs are reasonable under the circumstances.

**IV.     CONCLUSION**

For the foregoing reasons, the petition is granted. An appropriate Order follows.

BY THE COURT:

  /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
United States Magistrate Judge